UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS MANIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-262 |
| ) | Jury Demanded |
| TENNESSEE DEP'T OF SAFETY ) | |
| AND HOMELAND SEC., ET AL. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS YATES-MATOY AND SHREINER'S ANSWER TO COMPLAINT**

Defendants Frank William Yates-Matoy and Riley Shreiner answer Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted that Plaintiff brings claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as violations of state law. Denied that Defendants violated Plaintiff's constitutional rights or state law.

5. Admitted that Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Denied that Defendants violated Plaintiff's constitutional rights.

6. Admitted.

7. Admitted on information and belief.

8. Admitted. Denied that Defendants violated Plaintiff's constitutional rights or state law.

9. Admitted. Denied that Defendants violated Plaintiff's constitutional rights or state law.

1

10. Denied that Plaintiff properly served Defendants.  Admitted that Defendants waived service.

11. Admitted that the State of Tennessee is a governmental entity.  Denied that the State can be held liable in federal court for violations of 42 U.S.C. § 1983 or state law.

12. Admitted that the Tennessee Department of Safety and Homeland Security is a governmental entity organized under the laws of the State of Tennessee.  Defendants deny the remainder of the paragraph.

13. Admitted.

14. Admitted that Officer Shreiner, accompanied by Trooper Yates-Matoy, was monitoring traffic after daylight in the afternoon hours of December 29, 2023.

15. Admitted.

16. Admitted that Plaintiff pulled over.  Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff waited calmly.

17. Admitted.

18. Admitted that the citation was later dismissed.  Defendants deny the remaining allegations in this paragraph.

19. Admitted.

20. Denied that Plaintiff immediately produced the proper registration.

21. Denied.

22. Denied.

23. Admitted.

24. Denied that body camera footage captured Trooper Shreiner advising Trooper Yates-Matoy that he saw no evidence of intoxication.  Admitted that Trooper Shreiner stated that

2

he did not smell marijuana.

25. Admitted.

26. Admitted on information and belief.

27. Admitted that Trooper Shreiner approached Plaintiff's vehicle for the second time, asked about drug use, and asked for permission to search the vehicle. Denied that this constituted an interrogation.

28. Denied.

29. Admitted that Plaintiff told Trooper Shreiner there was nothing illegal in the truck. Defendants deny the remaining allegations in this paragraph.

30. Denied.

31. Denied.

32. Admitted that Trooper Shreiner told Plaintiff that he had slightly red eyes and a red hue around his eyes. Denied that this was the only basis for suspecting intoxication.

33. Admitted that Plaintiff said he had just woken up after previously stating that he had been at Best Buy and that he was coming from Inglewood.

34. Denied.

35. Admitted.

36. Denied.

37. Admitted.

38. Admitted that Plaintiff asked if he could wait for his lawyer.

39. Admitted that Trooper Shreiner asked Plaintiff to exit the vehicle. Denied that Plaintiff had a right to legal representation at this time.

40. Denied that Trooper Shreiner administered the straight leg raise test, as it is not part of

3

standardized field sobriety. Admitted that Trooper Shreiner conducted the horizontal nystagmus test, walk and turn test, and one leg stand test.

41. Admitted that Officer Shreiner did not specifically ask if Plaintiff consented to field sobriety testing. Denied that he was required to do so. Denied that Plaintiff complied without protest.

42. Denied.

43. Admitted that Trooper Yates-Matoy asked Plaintiff about drug use. Defendants deny the remaining allegations in this paragraph.

44. Admitted.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was being honest when he responded that it had been four years since he smoked marijuana. Defendants admit the remaining allegations in this paragraph.

46. Admitted that Trooper Yates-Matoy administered additional field sobriety tests. Defendants deny the remaining allegations in the paragraph.

47. Admitted that Officer Shreiner did not specifically ask if Plaintiff consented to field sobriety testing. Denied that he was required to do so. Denied that Plaintiff complied without protest.

48. Denied.

49. Denied that Trooper Yates-Matoy determined that Plaintiff failed the tests and directed Trooper Shreiner to place him under arrest. Admitted that Trooper Shreiner placed Plaintiff under arrest on charges of Driving Under the Influence.

50. Admitted that Plaintiff was placed in the back of the patrol car in handcuffs. Defendants deny the remaining allegations in this paragraph.

51. Denied that Defendants lacked probable cause for Plaintiff's arrest. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. Denied.

53. Denied.

54. Admitted.

55. Admitted.

56. Denied that the test covers all illegal substances.

57. Admitted.

58. Admitted.

59. Defendants lack knowledge or information sufficient to form a belief as to the nature or extent of Plaintiff's damages. Denied that any damages resulted from unconstitutional conduct by Defendants.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61. Admitted that the General Sessions Court of Monroe County, Tennessee dismissed all charges against Plaintiff on April 23, 2024. Defendants deny the remaining allegations in this paragraph.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendants incorporate their responses to the paragraphs above as if fully set forth herein.

68. Admit the statements of law in this paragraph to the extent they are accurate characterizations of the law. Deny any statements that inaccurately described the law.

69. Admit the statements of law in this paragraph to the extent they are accurate characterizations of the law. Deny any statements that inaccurately described the law.

70. Admit the statements of law in this paragraph to the extent they are accurate characterizations of the law. Deny any statements that inaccurately described the law.

71. Admit the statements of law in this paragraph to the extent they are accurate characterizations of the law. Deny any statements that inaccurately described the law.

72. Admit the statements of law in this paragraph to the extent they are accurate characterizations of the law. Deny any statements that inaccurately described the law.

73. Admit the statements of law in this paragraph to the extent they are accurate characterizations of the law. Deny any statements that inaccurately described the law.

74. Denied.

75. Admitted that Trooper Shreiner conferred with Trooper Yates-Matoy. Defendants deny the remainder of this paragraph.

76. Denied.

77. Admitted that Trooper Shreiner approached Plaintiff's vehicle after conferring with Trooper Yates-Matoy and asked him questions. Denied that this constituted an interrogation.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Defendants lack knowledge or information sufficient to form a belief as to the nature or extent of Plaintiff's damages. Denied that any damages resulted from unconstitutional conduct by Defendants.

86. Denied.

87. Denied.

88. Defendants incorporate their responses to the paragraphs above as if fully set forth herein.

89. Admit the statements of law in this paragraph to the extent they are accurate characterizations of the law. Deny any statements that inaccurately described the law.

90. Admit the statements of law in this paragraph to the extent they are accurate characterizations of the law. Deny any statements that inaccurately described the law.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Admitted.

98. Denied.

99. Admitted that Plaintiff was physically restrained by handcuffs after his arrest. Defendants

deny the remainder of this paragraph.

100. Admitted that Plaintiff pulled to the side of the road. Defendants deny the remainder of this paragraph.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied that Plaintiff's arrest was unlawful. Admitted that he was transported to the local detention facility to provide a blood sample.

110. Admitted.

111. Denied that Defendants lacked probable cause.

112. Denied.

113. Defendants lack knowledge or information sufficient to form a belief as to the nature or extent of Plaintiff's damages. Denied that any damages resulted from unconstitutional conduct by Defendants.

114. Denied.

115. Denied.

116. Defendants incorporate their responses to the paragraphs above as if fully set forth herein.

8

117. Denied.

118. Denied.

119. Denied.

120. Defendants incorporate their responses to the paragraphs above as if fully set forth herein.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Defendants incorporate their responses to the paragraphs above as if fully set forth herein.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Defendants incorporate their responses to the paragraphs above as if fully set forth herein.

135. Denied that Defendants violated any state laws.

136. Denied.

9

137. Defendants incorporate their responses to the paragraphs above as if fully set forth herein.

138. Denied.

139. Denied.

140. Defendants lack knowledge or information sufficient to form a belief as to the nature or extent of Plaintiff's damages. Denied that any damages resulted from unconstitutional conduct by Defendants.

## AFFIRMATIVE DEFENSES

Wherefore, having fully answered the allegations of the Complaint, Defendants raise the following affirmative defenses:

1. No act or omission by Defendants deprived Plaintiff of his constitutional rights;
2. Plaintiff fails to state a claim on which relief can be granted; and
3. Defendants are entitled to qualified immunity.

## REQUEST FOR RELIEF

1. This Court dismiss all claims against Defendants with prejudice; and
2. Pursuant to Fed. R. Civ. P. Rule 38, Defendants demand a jury trial.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Peako Jenkins
PEAKO JENKINS, BPR #32190
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Office: 615-741-8059
Fax: 615-532-2541
Email: peako.jenkins@ag.tn.gov

**CERTIFICATE OF SERVICE**

I certify a true and exact copy of the foregoing has been forwarded via the Court's electronic filing system on **October 14, 2024**, to the following:

H. Franklin Chancey
P.O. Box 42
Cleveland, TN 37364
*Attorney for Plaintiff*

s/ Peako Jenkins
PEAKO JENKINS
Assistant Attorney General

11